**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1991**

_____

JERRY WESTERLUND,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Richard Mark Gergel, District Judge.  (6:18-cv-01592-RMG)

_____

Submitted:  March 26, 2021                        Decided:  April 14, 2021

_____

Before FLOYD, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  Brian C. O'Donnell, Acting Regional Chief Counsel, Thomas Moshang, III, Supervisory Attorney, Peter Colonna-Romano, Special Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; A. Lance Crick, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Westerlund appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Westerlund's applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Westerlund's claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Specifically, the ALJ did not err in according little weight to the opinions of Dr. Stone, Westerlund's treating physician, as

2

Dr. Stone's opinions were inconsistent with the record as a whole. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Westerlund v. Comm'r Soc. Sec. Admin.*, No. 6:18-cv-01592-RMG (D.S.C. July 11, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*